UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER B.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 24-5180-BAT

**ORDER AFFIRMING AND DISMISSING WITH PREJUDICE**

Plaintiff appeals the ALJ's decision finding him not disabled.[1] Plaintiff contends the ALJ misevaluated the medical evidence and symptom testimony. Dkt. 17. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**DISCUSSION**

The Court may reverse the ALJ's decision only if it is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court may not reverse the ALJ's decision if an error is harmless. *Id.* at 1111. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up). When the evidence is susceptible to more than one rational interpretation,

---

[1] The Parties consented to proceed before the undersigned Magistrate Judge. Dkt. 2.

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 1

the Court must uphold the Commissioner's conclusion. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

### A. Medical Evidence

The applicable regulations require the ALJ to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

#### 1. David Morgan, Ph.D.

In January 2023, Dr. Morgan evaluated Plaintiff and opined Plaintiff had moderate to marked mental limitations in most domains. Tr. 1831-36. The ALJ discounted the doctor's opinion noting that while Dr. Morgan provided a narrative explanation for his opinion, it was inconsistent with objective evidence from August 2019 through October 2022. Tr. 459. An ALJ may reject a medical opinion that is contradicted by objective evidence in the medical record. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020); *Woods*, 32 F.4th at 793 n.4 (even if an opinion is supported, an ALJ may find it unpersuasive because it is inconsistent). The ALJ cited numerous instances showing Plaintiff's treatment providers consistently noted Plaintiff's pleasant and cooperative demeanor, linear and focused thoughts, euthymic mood, good eye contact, organized, conversational, and spontaneous speech, attention to hygiene and grooming, lack of medication issues, and generally stable or improved symptoms. Tr. 1098, 1100, 1102, 1104, 1110, 1112, 1114, 1119, 1121-22, 1125, 1127, 1129, 1132, 1134, 1136, 1139, 1141, 1143, 1145, 1148, 1150, 1153, 1155, 1157, 1159, 1161, 1163, 1170, 1173, 1175, 1177, 1180, 1183, 1185, 1187, 1191, 1193, 1195, 1197, 1200, 1203, 1206, 1209, 1212, 1218, 1497, 1499, 1501, 1503, 1506, 1509, 1512, 1514, 1517, 1519, 1521, 1523, 1525, 1527, 1529, 1531, 1535, 1542,

1544, 1547, 1549, 1552, 1555, 1558, 1561, 1730, 1732, 1738, 1743, 1745, 1749, 1758, 1764, 1772, 1775, 1780, 1783, 1792, 1803, 1806. These findings are unchallenged in Plaintiff's opening brief. In the reply brief, Plaintiff argues the ALJ should not have placed "much stock" in these records. However, the Court cannot say it was unreasonable to consider these records and to find Dr. Morgan's opinions are not consistent with them. The Court thus finds substantial evidence supports the ALJ's reliance upon the above records to discount Dr. Morgan's opinions. The Court notes that Plaintiff argues the ALJ erred in discounting Dr. Morgan's opinions because Dr. Morgan's opinions relied upon in part on statements that Plaintiff made to the doctor. This argument does not diminish the propriety of the ALJ's finding that the doctors' opinion was not consistent with many records created by Plaintiff's treatment providers, and the Court thus declines to find it establishes the ALJ harmfully erred.

Plaintiff also argues the ALJ relied on outdated evidence and failed to consider the temporal aspect of Dr. Morgan's opinion. Dkt. 17 at 8. This argument lacks merit. As previously noted, the ALJ discussed evidence provided less than three months before Dr. Morgan's assessment. The mere passage of a short amount of time and subsequent entry evidence into the record do not preclude an ALJ from relying on prior administrative medical findings. *See*, *e.g.*, *Meadows v. Saul*, 807 F. App'x 643, 647 (9th Cir. 2020); *Owen v. Saul*, 808 F. App'x 421, 423 (9th Cir. 2020); *Jennings v. Saul*, 804 F. App'x 458, 462 (9th Cir. 2020); *Garner v. Saul*, 805 F. App'x 455, 458 (9th Cir. 2020). Nor must an ALJ develop the record further simply because new medical records exist postdating the agency doctors' reviews, especially when the new records are consistent with earlier findings. *See*, *e.g.*, *Trevino v. Comm'r of Soc. Sec.*, 2021 WL 620700, at *1 (E.D. Cal. Feb. 17, 2021); *Lamas v. Saul*, 2020 WL 6561306, at *10 (E.D. Cal. Nov. 9, 2020).

Plaintiff suggests Dr. Morgan provided superior information showing Plaintiff's stability and improvement did not last. Dkt. 17 at 8. The record tells a different story. Dr. Morgan conducted a telephonic exam and noted Plaintiff was cooperative, with normal affect, thought processes, orientation, perception, fund of knowledge, abstract thought, and insight. Tr. 1831-36. He observed Plaintiff was engaged in treatment and reported no suicidal ideation. *Id.* The only other medical evidence postdating the ALJ's citations is from February through April 2023, showing conservative treatment for knee pain and unremarkable medication management during this period. Tr. 1838-76. This evidence is generally consistent with the findings the ALJ relied on. The ALJ was not required to accept Dr. Morgan's opinion merely because it was provided more recently than others. Substantial evidence supports the ALJ's reasoning.

    2.  *Kimberley Wheeler, Ph.D., and Holly Petaja, Ph.D.*

In December 2019, Dr. Wheeler opined Plaintiff had mild to marked limitations in his ability to perform basic mental work activities. Tr. 992-96. Later that month, Dr. Petaja affirmed Dr. Wheeler's assessment. Tr. 997-1000. Plaintiff argues the ALJ erred by finding these opinions irrelevant, noting the ALJ is required to consider evidence from a year prior to the application date. Dkt. 17 at 11. This argument is unpersuasive. While the ALJ noted the opinions were provided before the relevant period, the ALJ's analysis did not end there. Tr. 458. The ALJ also found the opinions inconsistent with objective evidence and with Plaintiff's functioning during the relevant period. *See generally* Tr. 1098-1218, 1497-1561, 1730-1806. The ALJ's characterization of the record evidence in this case is reasonable and supported by substantial evidence. Plaintiff's request for an alternative interpretation of the record does not establish harmful error. *Thomas*, 278 F.3d at 954. The Court accordingly declines to find that the ALJ harmfully erred in assessing the opinions of Drs. Wheeler and Petaja.

**B. Plaintiff's Testimony**

The ALJ evaluated Plaintiff's testimony and deemed it inconsistent with evidence showing improvement and stability with therapy and medication, generally unremarkable mental status findings, and Plaintiff's daily activities. Tr. 449-56. Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014); *see also Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017) (the ALJ must identify "*which* testimony [the ALJ] found not credible" and explain "*which* evidence contradicted that testimony."). The ALJ is not required to "believe every allegation of disabling pain," *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)), or to "perform a line-by-line exegesis" of Plaintiff's testimony. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff contends the ALJ erred by rejecting his testimony based upon daily activities that were not commensurate with the ability to work. Dkt. 17 at 11-12. However, the ALJ did not equate Plaintiff's activities with the ability to work. Instead, the ALJ found Plaintiff's daily activities showed a level of functioning inconsistent with the severe limitations he claimed. Tr. 455-56. Despite Plaintiff's allegations of limitations in sitting, using his hands, concentrating, understanding, following instructions, and getting along with others, Tr. 893, the ALJ noted records indicating Plaintiff frequently played video games and card games with friends. Tr. 892, 1209; *see also, e.g.*, Tr. 993 (played video games until 5:00 a.m.), 1127 ("Plays cribbage and video games with his friend in the middle of the night"), 1159 (at friend's house playing video games), 1177 (playing multiplayer online video games), 1189 (noting playing video games made him feel better); 1209, 1501, 1509, 1523, 1755. The evidence also shows Plaintiff went fishing

ORDER AFFIRMING AND DISMISSING WITH PREJUDICE - 5

with friends, sold his dog's puppies, ran his lawn mowing business, and went to the casino and stores with his mother. Tr. 892-93, 1197, 1199, 1205, 1212; *see also*, *e.g.*, 948, 951, 958, 1094, 1122, 1168, 1170, 1173, 1177, 1180, 1189, 1195, 1538, 1576, 1732-34, 1755. The ALJ reasonably found these activities contradicted the severe social limitations Plaintiff claimed and his testimony that he was unable to do anything and experienced debilitating pain every day. *See Molina*, 674 F.3d at 1113 ("[e]ven where . . . activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."); *Smartt*, 53 F.4th at 500 (holding the court may not "second-guess" an ALJ's reasonable interpretation of activities).

An ALJ may use clear and convincing evidence, including inconsistencies in the medical record and statements about daily activities, to reject symptom testimony. *Farlow v. Kijakazi*, 53 F.4th 485, 489 (9th Cir. 2022). Plaintiff's conclusory challenge to the ALJ's decision does not establish error; it merely seeks a more favorable interpretation of the evidence. Even if the evidence is open to multiple rational interpretations, the Court cannot say the ALJ's interpretation in this case was unreasonable. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (affirming ALJ where evidence of daily activities was susceptible to more than one rational interpretation). Furthermore, even if the ALJ had overstated the extent that Plaintiff's activities conflicted with his testimony, any such overstatement would be a harmless error, as the ALJ's other reasons (improvement and stability with treatment, unremarkable mental status findings) are unchallenged and supported by substantial evidence. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 9th day of August, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge